UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-22783-CIV-COHN/SELTZER

LAW OFFICES LA LEY con JOHN H. RUIZ,
P.A. and JOHN H. RUIZ, P.A.,

    Plaintiffs,

v.

JOHN DOE BORROWERS and/or
MORTGAGORS ENTITLED TO IFR
PAYMENTS FROM THE QUALIFIED
SETTLEMENT FUND, FUND 1 INDEPENDENT
FORECLOSURE REVIEW PAYMENT QSF for
Aurora, Bank of America, Citibank, Goldman
Sachs, HSBC, JPMorgan Chase, MetLife Bank,
Morgan Stanley, PNC, Sovereign, SunTrust,
U.S. Bank, and Wells Fargo, FUND 2
INDEPENDENT FORECLOSURE REVIEW
PAYMENT QSF for Aurora, Bank of America,
Citibank, Goldman Sachs, HSBC, JPMorgan
Chase, MetLife Bank, Morgan Stanley, PNC,
Sovereign, SunTrust, U.S. Bank, and Wells
Fargo, RUST CONSULTING GROUP, INC., and
HUNTINGTON NATIONAL BANK, as the QSF
Administrator,

    Defendants.
_____/

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

**THIS CAUSE** is before the Court upon the Federal Defendants' Motion to Alter or Amend Judgment [DE 35] ("Motion"). The Court has considered the Motion, Plaintiffs' Opposition [DE 40], and the Federal Defendants' Reply [DE 41], and is otherwise advised in the premises.

I. **BACKGROUND**

On August 15, 2013, Defendants Office of the Comptroller of the Currency and Board of Governors of the Federal Reserve System (collectively the "Federal Defendants") moved to dismiss this action on various grounds, including a lack of subject matter jurisdiction. DE 12 at 4. On October 2, 2013, the Court granted that motion and dismissed this action for lack of subject matter jurisdiction. See DE 33 at 6–7 ("Remand Order"). Because the action was before the Court upon a notice of removal, the Court's dismissal required remand to the state court from whence the action came. Id. (citing Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410–11 (11th Cir. 1999)). The Federal Defendants, seeking a more fulsome dismissal, now ask the Court to reconsider the Remand Order pursuant to Federal Rule of Civil Procedure 59(e), and request a dismissal of Plaintiffs' claims with prejudice or a "clarification" barring further claims by Plaintiffs relating to the enforcement orders at issue in this action. See DE 35 at 10.

II. **LEGAL STANDARD**

Three grounds justify reconsideration of an earlier order under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Williams v. Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1357–58 (S.D. Fla. 2004). A motion for reconsideration is not a tool for relitigating what a court has already decided. See Reyher v. Equitable Life Assurance Soc'y, 900 F. Supp. 428, 430 (M.D. Fla. 1995). Rather, the motion "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal quotation marks omitted). Reconsideration of a previous

order is "an extraordinary remedy, to be employed sparingly." Williams, 320 F. Supp. 2d at 1358 (internal quotation marks omitted).

### III.  DISCUSSION

The Federal Defendants do not challenge the determination of this Court—reached upon consideration of the Federal Defendants' motion to dismiss—that it lacks subject matter jurisdiction over the instant action.  Instead, they argue that the Court's remand of the action was improper because the remand does not serve the purposes of 28 U.S.C. § 1447, which relates to "[p]rocedure after removal generally," and subsection 1447(c), which addresses remand.  DE 35 at 3–5.  The Court need not address the Federal Defendants' policy concerns, however, because the plain language of section 1447(c) could not be clearer: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, **the case shall be remanded**."  28 U.S.C. § 1447(c) (emphasis added).  The Federal Defendants cite no binding authority that would permit this Court to ignore the plain and clear language of the statute.  Because the Court previously determined that it lacks subject matter jurisdiction over the instant dispute, section 1447(c) mandates remand.

The Federal Defendants also suggest that remand herein is improper because it would be futile.  DE 35 at 5–9.  The Federal Defendants rely upon Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund, 500 U.S. 72 (1991), in support of their futility argument.  In that case, the Supreme Court considered the futility of remanding a case to state court pursuant to section 1447(c), and ultimately found that futility had not been established.  Id. at 88–89.  As acknowledged by the Federal Defendants, however, the Supreme Court did not determine that a showing of futility would allow a district court to ignore the plain language of section 1447(c).  Moreover, contrary to the Federal

3

Defendants' protestations, the Eleventh Circuit appears to have rejected a futility exception to remand once subject matter jurisdiction is absent:

> "[I]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to the state court from whence it came. 28 U.S.C. § 1447(c). This provision is mandatory and may not be disregarded based on speculation about the proceeding's futility in state court.

Univ. of S. Ala., 168 F.3d at 410. The purported futility of remand therefore does not justify reconsideration of the Remand Order.[1]

The Court accordingly rejects the Federal Defendants' contention that modification of the Remand Order is necessary to correct a clear error or prevent manifest injustice, and will deny the Motion. The Court will similarly deny those various motions of the other defendants adopting or joining in the Federal Defendants' Motion.

## IV.  CONCLUSION

In light of the foregoing, it is

**ORDERED AND ADJUDGED** that the Federal Defendants' Motion to Alter or Amend Judgment [DE 35], Defendant Rust Consulting, Inc.'s Joinder in and Adoption of Federal Defendants' Motion to Alter or Amend Judgment [DE 37], and Defendant Huntington National Bank, N.A.'s Joinder in and Adoption of Federal Defendants' Motion to Alter or Amend Judgment [DE 39] are **DENIED**.

---

[1] The Federal Defendants also imply that, if the Court were to uphold the Remand Order, they could again remove the action from state court, which would "beget an endless cycle of removals followed by remands." DE 35 at 9. The Court notes that a defendant is generally precluded "from seeking a second removal on the same ground," S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 492 (5th Cir. 1996), and that successive removals on identical grounds may even lead to sanctions, Benson v. SI Handling Sys., Inc., 188 F.3d 780, 783 (7th Cir. 1999).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 3rd day of January, 2014.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF